UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

DANIEL MILES,

                    Plaintiff,

            - against -

RETRIEVAL-MASTERS CREDITOR'S
BUREAU, INC. d/b/a AMCA OR AMERICAN
MEDICAL COLLECTION AGENCY,

                    Defendant.

---------------------------------------------------------X

<u>**MEMORANDUM AND ORDER**</u>
14-CV-6607 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Daniel Miles filed this putative class action against defendant Retrieval-Masters

Creditor's Bureau, Inc. d/b/a AMCA or American Medical Collection Agency ("RMCB") on

November 10, 2014, alleging violations of the of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the New York General Business Law, N.Y. G.B.L.

§ 349(a).  (Compl. (Doc. No. 1) at ¶ 1.)  Before the Court is RMCB's motion for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, in the alternative,

summary judgment pursuant to Rule 56.[1]  (Def.'s Mot. for J. on the Pleadings ("Mot. for J.")

(Doc. No. 24).)  For the reasons discussed below, RMCB's motion is GRANTED.

## BACKGROUND

      RMCB is a corporation engaged in the business of debt collection.  (*Id.* at ¶ 3.)  In an

October 2, 2014 letter ("Collection Letter"), RMCB began its efforts to collect an alleged debt

from Miles.  (*Id.* at ¶¶ 22–23.)  The letter states, in pertinent part:

---

[1] The Court declines to convert defendant's motion into one for summary judgment.  In deciding RMCB's motion for judgment on the pleadings, the Court considers the complaint, documents incorporated by reference in the complaint, and documents of which the Court may take judicial notice.  *Chambers  v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Diamond v. Local 807 Labor-Mgmt. Pension Fund,* No. 12-CV-5559, 2014 WL 527898, at *1 n.1 (E.D.N.Y. Feb. 7, 2014).

We have been authorized to contact you regarding your past due account with our client, **Sunrise Medical Laboratories**, for laboratory tests ordered by your physician. Their records indicate that your payment has not been received for the following accounts:

| Date of Service | Account Number | Amount Due |
| --- | --- | --- |
| 06/04/2012 | SML DB 320618 | $20.00 |
| 10/01/2012 | SML DH322434A | $20.00 |
| 02/18/2013 | SML DN179786 | $20.00 |
| 05/02/2013 | SML DR572043 | $20.00 |
| | OTHER ACCOUNTS | $40.00 |

**Your total balance due is $120.00.**

See the reverse side of this letter for important information about your rights. If you do not respond, you will be subject to additional collection efforts which may include reporting your accounts to one or more national credit bureaus.[2]

(Collection Letter (Doc. No. 25-1); Compl. at ¶ 24.) The Collection Letter also includes RMCB's contact information, a notice of rights, and the procedures to contest the debt.

Miles makes two claims based on RMCB's inclusion of a charge attributed to "other accounts." He first alleges that RMCB's use of the term "other accounts" violates § 1692e of the FDCPA by making a false representation that RMCB was entitled to receive compensation for payment "with no explanation or information about what such charges reflect." (Compl. at ¶¶ 1, 8, 27.) He further alleges that the Collection Letter violates § 1692f of the FDCPA because RMCB includes a $40.00 charge for the "other accounts" and fails "to attribute such charge to any laboratory testing or other service." (*Id.* at ¶ 31.)

Miles also points to additional language in the letter which he claims is violative of the FDCPA. He contends that because the trade name that RMCB used in the letter, American Medical Collection Agency, "does not exist in the database of corporations registered in New York," RMCB has "falsely identifie[d] itself as a legitimate corporation authorized to conduct

[2] Miles did not include the complete language of the Collection Letter in his complaint. Instead, he only included the chart listing the dates of service, account numbers, amounts due and total balance owed. (Compl. at ¶ 24.) The additional language in the letter, quoted above, was included in a copy of the Collection Letter filed with RMCB's motion.

business in the State of New York" and thus violated § 1692e. (*Id.* at ¶ 27)  As support for this

theory, he continues that "[d]efendant's address, street number, suite number, city and zip code

are attributed to [Retrieval-Masters Creditors Bureau, Inc.]" and not American Medical

Collection Agency. (*Id.*)  He also contends that the use of the trade name violates § 1962e(14).

(*Id.* at ¶ 29.)  Finally, he argues that the trade name American Medical Collection Agency and its

positioning on the letter above the words "NATIONAL COLLECTION AGENCY"[3] "suggest

association with medical providers nationally and thereby intimidate[s] and mislead[s]

consumers into attributing a national and/or medical authority to [d]efendant." (*Id.* at ¶ 27.)  He

requests actual and statutory damages as well as attorneys' fees and costs under §§ 1692k(a)(1),

1692k(a)(3), 1692k(2)(A)–(B).  (Compl. at 8 (ECF pagination).)

RMCB has moved to dismiss the action pursuant Federal Rule of Civil Procedure 12(c)

and raises two primary arguments in support. (*See generally* Def.'s Mem. of Supp. ("Def.'s

Mem.") (Doc. No. 27) at 5–15.)  First, RMCB contends that its use of the trade name American

Medical Collection Agency does not violate the FDCPA, specifically § 1692e(14). (*Id.* at 5–10.)

Second, RMCB argues that Miles' interpretation of the Collection Letter is unreasonable,

"bizarre and idiosyncratic." (*Id.* at 12.)

## STANDARD OF REVIEW

Judgment on the pleadings is appropriate only where all material facts are undisputed and

"a judgment on the merits is possible merely by considering the contents of the pleadings."

*Mennella v. Office of Court Admin.*, 938 F. Supp. 128, 131 (E.D.N.Y. 1996), *aff'd*, 164 F.3d 618

(2d Cir. 1998) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)).  In

all other respects, a motion brought pursuant to Federal Rule of Civil Procedure 12(c) is analyzed

[3] Contrary to Miles' assertion, the Collection Letter does not include the term "National Collection Agency."  As
the language that Miles references is not contained in the Collection Letter, the Court does not reach his argument
that its use in conjunction with the trade name intimidates and misleads consumers.

under the same standard applicable to a motion under Rule 12(b)(6).  *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).  Thus, the Court's review is limited to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice.  *See Chambers*, 282 F.3d at 153; *Diamond*, 2014 WL 527898, at *1 n.1.  The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor.  *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

In order to withstand a motion brought under Rule 12(c), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *Harris*, 572 F.3d at 72.  But "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which could entitle the plaintiff to relief, the court cannot grant a defendant's motion for a judgment on the pleadings."  *Mennella*, 938 F. Supp. at 131 (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)); *cf. Al-Kaysey v. L-3 Servs. Inc.*, No. 11-CV-6318, 2013 WL 5447686, *8 (E.D.N.Y. Sept. 27, 2013).

## DISCUSSION

One of the FDCPA's principal objectives is "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  The question of whether a debt collector's action violates the FDCPA is determined objectively from the viewpoint of the "least sophisticated consumer."  *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir.

2008). This standard is intended to protect "the gullible as well as the shrewd." *Id.* (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). However, even in "crafting a norm that protects the naïve and the credulous," courts must "carefully preserve the concept of reasonableness." *Id.* As such, the FDCPA does not provide relief for claims that are based on "bizarre or idiosyncratic interpretations of collection notices." *Clomon*, 988 F.2d at 1320. The FDCPA provides that "any debt collector" who fails to comply with its provisions with respect to any person is liable to such person for damages. 15 U.S.C. § 1692k. Here, Miles specifically claims that RMCB violated the preface of § 1692e, § 1692e(14), and § 1692f. (Compl. at ¶¶ 26–31.)

## I.      Miles' Claims Fail Under 15 U.S.C. § 1692e and § 1692e(14).

Section 1692e of the FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and provides a non-exhaustive list of violations. *See* 15 U.S.C. § 1692e. "[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 Fed. App'x 89, 94 (2d Cir. 2012). For example, the Second Circuit has held that a debt collector "could be liable under the FDCPA for a false statement that a borrower's debt was ineligible for bankruptcy . . . and for falsely representing that the collector had the authority to initiate legal proceedings against the debtor." *Id.* (internal citation omitted). Additionally, the Second Circuit has held that "debt collection practices that are contradictory, vague, or threatening create FDCPA liability." *Id.* at 95.

Courts within the Second Circuit have read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of debt. *See Gabriele*,

503 Fed. App'x at 93–94 (collecting cases).  Thus, in determining whether a plaintiff has stated a claim under § 1692e of the FDCPA, courts have considered whether the "alleged false or misleading statement . . . is 'material,' meaning that the statement would 'influence a consumer's decision or ability to pay or challenge a debt.'"  *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 3:11-CV-1111, 2012 WL 4372251, at *4 (D. Conn. Sept. 24, 2012) (quoting *Klein v. Solomon & Solomon, P. C.*, No. 3:10-CV-1800, 2011 WL 5354250, at *2 (D. Conn. Oct. 28, 2011)) (adopting materiality requirement).

Miles' claim that using the term "other accounts" without further explanation in the Collection Letter violates § 1692e fails as a matter of law.  (Compl. at ¶ 27.)  "There is no language in the FDCPA that requires a debt collector to provide a complete breakdown of the debt owed."  *Wilson v. Trott Law, P.C.*, 118 F. Supp. 3d 953, 963 (E.D. Mich. 2015); *see also Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 756–57 (7th Cir. 2009) ("[A] debt collector need not break out principal and interest; it is enough to tell the debtor the bottom line. . . . A dollar due is a dollar due."); *Moran v. Greene & Cooper Attorneys LLP*, 43 F. Supp. 3d 907, 914–15 (S.D. Ind. 2014) ("A debt collector need not 'itemize' the debt, so long as its statement of the total is clear and accurate."); *Scioli v. Goldman & Warshaw P.C.*, 651 F. Supp. 2d 273, 281 n.15 (D.N.J. 2009) ("[T]he Court does not hold that a debt collector must itemize the fees and costs it seeks in order to comply with the FDCPA.").  The Collection Letter clearly provides the amount of the debt owed.  (Collection Letter.)  Furthermore, the Collection Letter explicitly states the name of the entity to whom the debt is owed ("Sunrise Medical Laboratories"), the type of services that the debt is owed for ("laboratory tests"), as well as Miles' right to dispute the charges.  (*Id.*)  The Court thus finds that use of the term "other accounts" by RMCB is not false, deceptive or misleading.

Miles next alleges false representation under § 1692e because RMCB used the name American Medical Collection Agency. He claims that use of the name also violates § 1692e(14), which prohibits debt collectors from using a name other than the true name of the debt collector's business. (*Id.* at ¶ 29.) RMCB responds that American Medical Collection Agency is a licensed trade name, and thus, the name qualifies as a true name under the statute. (Def.'s Mem. at 6–10.)

Courts in this Circuit have found that use of a licensed trade name does not violate the FDCPA, and that in particular, RMCB's use of the trade name American Medical Collection Agency does not violate the statute. *E.g.*, *Bieder v. Retrieval Masters Creditors Bureau, Inc.*, No. 14-CV-6563, 2015 WL 7454119, at *4 (E.D.N.Y. Nov. 24, 2015) (finding that the use of the trade name American Medical Collection Agency by RMCB did not violate the FDCPA); *Orenbuch v. N. Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 151–52 (E.D.N.Y. 2003) ("The defendants correctly argue that there is nothing misleading about a debt collector . . . using the name by which it is known to the public where, as here, that name is a registered trade name with the New York Department of State."); *Kizer v. Am. Credit & Collection*, No. B-90-70, 1990 WL 317475, at *6 (D. Conn. Dec. 17, 1990) ("[T]he court holds that the name under which a debt collector is licensed to do business in the state of Connecticut is the debt collector's true name for purposes of the FDCPA."); *see also Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293, 1301 (S.D. Ala. 2011) (finding that use of the trade name American Medical Collection Agency did not violate the FDCPA). Here, the Court takes judicial notice of a copy of a license from the New York City Department of Consumer Affairs and a certificate from the New York Corporations and State Records Division demonstrating that American Medical Collection Agency is a licensed trade name. (Decl. of Jonathan D. Elliot (Doc. No. 12) at 4–7

(ECF pagination).)  *See Bieder,* 2015 WL 7454119, at *3 (taking judicial notice of a "a license from the New York City Department of Consumer Affairs and a certificate from the New York Corporations and State Records Division demonstrating that American Medical Collection Agency is licensed to do business in New York" in order to establish that [RMCB's] use of a licensed trade name does not violate § 1692e).  As American Medical Collection Agency is RMCB's licensed trade name, it constitutes RMCB's true name under § 1692e(14).  *Orenbuch*, 250 F. Supp. 2d at 151–52.  Miles has not plead any facts that support an inference that RMCB's use of a trade name was intended or used to mislead or deceive.  Thus, Miles has failed to "state a claim to relief that is plausible on its face" under § 1692e or § 1692e(14).  *Iqbal*, 556 U.S. at 678.

## II.      Miles' Claim Fails Under 15 U.S.C. § 1692f.

The preface of § 1692f is a catchall provision that prohibits "unfair or unconscionable conduct" and provides a cause of action "standing alone."  *Tsenes v. Trans-Cont'l Credit and Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995).  Eight subsections then provide a non-exhaustive list of practices which violate the statute.  *See* 15 U.S.C. § 1692f(1)–(8).  A § 1692f claim may not duplicate claims brought under other FDCPA sections and fails as a matter of law where "all [of] the allegations in the Complaint support claims asserted under either §§ 1692g or 1692e."  *See Bieder*, 2015 WL 7454119, at *4; *Tsenes*, 892 F. Supp. at 466; *Sussman v. I.C. Syst., Inc.*, 928 F. Supp. 2d 784, 797 (S.D.N.Y. 2013) (dismissing § 1692f claim where plaintiff's "allegations fail to identify any misconduct beyond that which Plaintiff[ ] assert[s] violate[s] other provisions of the FDCPA" (internal quotation marks omitted) (alterations in original)).

In support of his § 1692f claim, Miles points to the "added [] charge of $40.00" which RMCB "failed to attribute [] to any laboratory testing or other service."  (Compl. at ¶ 31.)  Miles

alleges that RMCB "unfairly and unconscionably pursued collection activities with the intent to collect additional unexplained charges in addition to a balance allegedly owed." (*Id.*) This allegation is already included in Miles' § 1692e claim. (*Id.* at ¶ 27.) As such, Miles has failed to state a cause of action under § 1692f. *Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397, 2009 WL 1873654, at *4 (E.D.N.Y. June 29, 2009); *Tsenes*, 892 F. Supp. at 466.

### III. Miles' Claim under N.Y. General Business Law § 349 is Dismissed for Lack of Jurisdiction.

Miles claims a violation of § 349 of the New York General Business Law in the first paragraph of his complaint, but does not assert a cause of action pursuant to the section. (Compl. at ¶ 1.) To the extent that Miles pleads such a claim, the Court declines to exercise supplemental jurisdiction and it is dismissed. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).

## CONCLUSION

For the above reasons, RMCB's motion (Doc. No. 24) is GRANTED and the case is dismissed. The Clerk of Court is directed to enter Judgment accordingly, and to close this case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 29, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge